IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSEPH Z. ZADEH, et al. | § |
| | § |
| v. | § CAUSE NO. 1:15-CV-598-RP |
| | § |
| MARI ROBINSON, et al. | § |

### ORDER

Before the Court are Plaintiffs' Motion to Compel Defendants' Responses to Discovery, (Dkt. No. 41); Defendants Robinson and Pease's Response (Dkt. No. 43); and Plaintiffs' Reply (Dkt. No. 44). The District Court referred the discovery motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules. The Court held a hearing on the motions on October 19, 2016.

### I. BACKGROUND

Plaintiff Joseph Zadeh brings this case against Defendants Mari Robinson, Director of the Texas Medical Board (TMB), and TMB investigators Sharon Pease, and Kara Kirby. Zadeh, a doctor specializing in internal medicine, operates a clinic in Euless, Texas. According to Zadeh, on October 22, 2013, Pease and Kirby entered his clinic pursuant to a subpoena *instanter* signed by Robinson, and seized medical records. The subpoenas are authorized by Texas statute, and do not require authorization from a judge. Zadeh challenges TMB's use of the statute, alleging the inspection and seizure of the medical records violated his Fourth Amendment rights. Zadeh brought the suit after TMB instituted proceedings against him before the Texas State Office of Administrative Hearings (SOAH). In that proceeding, the TMB alleges violations of a number of Texas statutes that regulate the prescription of controlled substances.

Robinson, Pease, and Kirby jointly filed a motion to dismiss the suit, alleging that the Court should abstain from deciding the claims due to the pending state administrative proceeding. In a prior order, Judge Pitman agreed with their argument with respect to the equitable relief requested by Zadeh. Dkt. No. 34. He also dismissed all of the claims against the defendants in their official capacities based on sovereign immunity, but denied the motion to dismiss the claims against the defendants in their individual capacities. *Id.* As a result, the sole claim remaining in the case is Zadeh's Fourth Amendment claim against the three defendants individually.

## II.  LEGAL STANDARD

A party may discover "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b). Discovery outside of this scope is not permitted. *Id.* at (b)(2)(C)(iii). Information "need not be admissible in evidence to be discoverable." *Id.* at (b)(1). Further, the recent amendments to Rule 26 require that discovery be:

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id.* Zadeh served written discovery on Robinson in May, and Robinson responded on June 30, 2016. She objected to a number of the requests, arguing that they were not relevant to the remaining issue in the case, and contending she would suffer an undue burden to respond to the requests. After the parties were unable to resolve the objections by agreement, Zadeh filed this motion to compel. In sum, Robinson's response is that "[i]n light of Texas law, the lack of relevance to Plaintiffs' claims, and the consequential undue burden production would constitute, [she] ask[s] that [her] objections be sustained." Dkt. No. 43 at 3.

## III. ANALYSIS

As noted, the only remaining issue is whether the inspection of Zadeh's office violated the Fourth Amendment, as the search was conducted without a warrant or a finding of probable cause by a judge. As the Supreme Court has stated it, "absent consent, exigent circumstances, or the like, in order for an administrative search to be constitutional, the subject of the search must be afforded an opportunity to obtain precompliance review before a neutral decisionmaker." *City of Los Angeles, Calif. v. Patel*, 135 S. Ct. 2443, 2452 (2015). There is a narrow exception to this application of the Fourth Amendment for "closely regulated businesses" that "have such a history of government oversight that no reasonable expectation of privacy . . . could exist for a proprietor over the stock of such an enterprise." *Id.* at 2454 (*citing Marshall v. Barlow's, Inc.*, 436 U.S. 307, 312 (1978)). *See also New York v. Burger*, 482 U.S. 691, 702-03 (1987). The Supreme Court has only recognized four industries in which the history of regulation supports the conclusion that they are "closely regulated": liquor sales, firearms dealing, mining, and operating auto junkyards. *Patel*, 135 S. Ct. at 2452. To search such a business with an administrative subpoena it must be issued under statutory authority that provides an adequate substitute for a warrant. *Burger*, 482 U.S. at 703. However, "[e]ven under a valid inspection regime, the administrative search cannot be pretextual." *Club Retro, LLC v. Hilton*, 568 F/3d 181, 197-98 (5th Cir. 2009).

A.   **Undue Burden and TEX. OCC. CODE § 164.007(c)**

As noted above, one of Robinson's arguments is that requiring her to produce the documents Zadeh has requested would be burdensome. The basis of this argument is not that the actual gathering and production of the records would be difficult or time consuming. Rather, Robinson bases this argument on this section the Texas Occupations Code:

> Each complaint, adverse report, investigation file, or other investigation report, and other investigation information in the possession of or received or gathered by the board or its employees or agents relating to a license holder, an application for license, or a criminal investigation or proceeding is privileged and confidential and is not subject to discovery, subpoena, or other means of legal compulsion for release . . . .

TEX. OCC. CODE § 164.007(c). Robinson first asserted that the statute made the records privileged, protecting them absolutely from disclosure. In apparent recognition that state statutory privileges do not apply in federal question cases, Robinson now argues that the statute helps to define the scope of relevance. Further, she argues that compelling her to produce the documents would be burdensome, as production would affect the SOAH proceeding by giving Zadeh information that, according to the statute, he is otherwise not permitted to discover.

This attempted re-purposing of the state privilege is flawed. First, whether any evidence is relevant to Zadeh's claim is determined by the federal law underlying his claim, and the type of facts that are relevant to such a claim. The state privilege has no role in defining the scope of what is relevant to Zadeh's Fourth Amendment claim. Second, Robinson provides no authority for her attempt to use the notion of "burdensomeness" as a way to get the privilege into the case through a back door. The Court thus rejects these arguments, and the terms of TEX. OCC. CODE § 164.007(c) will play no part in the Court's resolution of the motion to compel.

**B.    Disputed Discovery Requests**

After the time the motion to compel was filed, the parties resolved a number of the matters raised in the motion. Accordingly, the only issues requiring resolution are those set out below. The motion to compel is therefore moot as to all other requests.

### 1. Request for Production 2

In this request, Zadeh asks for copies of the original complaints that led to the inspection of his clinic. Robinson argues that the complaints are closely related to the SOAH proceeding, and that the validity of the underlying complaint bears no relevance to the Fourth Amendment claim. Robinson further expresses concerns for the privacy of the complainant(s), and requests the Court to deny the discovery on this basis. The Court disagrees. Though the underlying complaint or complaints are not directly at issue, the existence of a valid reason for the subpoena bears on Zadeh's pretext argument. Moreover, production of the complaints will plainly not burden Robinson as she has already identified the responsive documents. Lastly, any concerns for the privacy of the complainants may be resolved by a protective order, as the Court noted at the hearing.

### 2. Request for Production 15

This request seeks the documents submitted to Robinson in support of the subpoena request. Again, Robinson argues that the documents are closely related to the SOAH proceeding, and production would overly burden Robinson. However, when asked at the hearing if Robinson had identified the responsive documents, counsel stated that documents are the same as those requested in RFP 2. Given this, the Court will overrule Robinson's objections to RFP 15.

### 3. Requests for Production 61 & 62

These two requests ask for the Final Expert Panel Report—which was used in an administrative hearing against Zadeh—and the independent physician reviews that were used to create that report. Robinson contends that this information is not relevant to the Fourth Amendment claim as it is not related to the inspection. The Court agrees. The Report and independent physician

review played no part in the decision to issue the subpoena, but rather were prepared specifically for the state administrative proceedings involving Zadeh.

### 4. Request for Production 65

This request seeks all documents supporting Robinson's suspicion of Zadeh's illegal activities. Robinson again argues that the request is irrelevant to Zadeh's arguments and is overly burdensome. However, when asked at the hearing if Robinson had identified the documents that would respond to this request, counsel noted that the documents are the same as those that would be responsive to RFP's 2 and 15. The Court will therefore grant the motion on this request.

### 5. Request for Production 66

This requests seeks all documents supporting Robinson's belief that Zadeh was required to register as a pain clinic. Zadeh was unable to explain at the hearing how evidence that he was required to register as a pain clinic is pertinent to his Fourth Amendment claim. At best, that issue would appear to be part of the state administrative hearings. The Court agrees with Robinson as to this request, and will therefore deny the motion as to RFP 66.

### 6. Requests for Production 69-74; Interrogatories 11 & 12

These discovery requests seek the source of Robinson's belief that certain individuals were Zadeh's patients and that he prescribed pain medication to these patients. Subsequent to the hearing, Robinson supplied the source of the information, Dkt. No. 48, and the motion to compel as to these requests is now moot.

## IV. CONCLUSION

Based upon the foregoing, Plaintiffs' Motion to Compel (Dkt. No. 41) is **GRANTED IN PART** and **DENIED IN PART** as set out in more detail above. The Court further **ORDERS** that no later than December 2, 2016, Robinson produce to Zadeh any documents this order requires that she produce.

SIGNED this 18th day of November, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE