IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSEPH Z. ZADEH, et al. | § |
| | § |
| v. | § CAUSE NO. 1:15-CV-598-RP |
| | § |
| MARI ROBINSON, et al. | § |

### ORDER

Before the Court are Defendants' Motion to Enforce the Protective Order (Dkt. No. 76); Plaintiffs' Response to Defendants' Motion to Enforce the Protective Order (Dkt. No. 78); and Defendants' Reply (Dkt. No. 83). The District Court referred the above motion to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

### I.  BACKGROUND

Plaintiff Joseph Zadeh brings this case against Defendants Mari Robinson, former Director of the Texas Medical Board, and TMB investigators Sharon Pease, and Kara Kirby, alleging that the Defendants' inspection and seizure of medical records from his office pursuant to a subpoena violated his Fourth Amendment rights. Separately, the TMB has instituted proceedings against Zadeh and his medical license, alleging that he violated a number of Texas statutes that regulate the prescription of controlled substances.

In a prior order, the Court directed the TMB to produce to Zadeh a number of documents from the TMB proceedings against Zadeh, including the complaint on which the TMB based its subpoena. The TMB designated the complaint "Attorneys' Eyes Only" under the parties' agreed-upon protective order (Dkt. No. 64). At the request of Zadeh's counsel, the TMB redesignated the complaint as "Confidential," so the attorneys could discuss the complaint with Zadeh. Subsequently,

Zadeh sent notice to the TMB challenging the "Confidential" designation. This placed the burden on the TMB to file a motion to preserve the designation. By the instant motion, the TMB makes that request. The Drug Enforcement Administration has also submitted an advisory requesting that the complaint remain confidential, because a DEA investigative report is a portion of the complaint.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows a court to enter a protective order "for good cause shown." FED. R. CIV. P. 26(c). However, the Court must balance the public's common-law right of access with the interests favoring non-disclosure. *See S.E.C. v. Van Wayenberghe*, 990 F.2d 845, 849 (5th Cir. 1993). The party seeking the protective order has the burden of showing that the interest of secrecy outweighs the public's right of access. *Leucadiea, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993). Moreover, "privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994). Thus, "courts should consider for what purpose the information is being sought—if the case involves matters of legitimate public concern or issues relating to public health or safety, those are factors weighing against a protective order." *Gutierrez v. Benavides*, 292 F.R.D. 401, 404-05 (S.D. Tex. 2013).

## III.    ANALYSIS

Defendants argue that the complaint should remain confidential because Zadeh only received access to the documents—which would normally not be discoverable under Texas law—as a result of this litigation, and therefore he does not have a First Amendment right of access to the document. *See* Dkt. No. 76 at 3-4 (citing *Seattle Times Co. v. Rhinehard*, 467 U.S. 20, 32 (1984)). Zadeh responds that the Defendants are merely trying to "hide their constitutional misconduct behind a

Texas statute." Dkt. No. 78 at 2. Zadeh believes that the TMB used the complaint as a pretext to search his office as a proxy for the DEA, and contends that by keeping the complaint confidential, the Court would be hiding the Defendants' misconduct from public view. Zadeh also notes that Defendants have not presented any "good cause" for the document to remain confidential. As noted, the DEA requests that the Court maintain the document's confidential designation, as a DEA investigative report is attached to the complaint and the DEA contends the confidentiality is needed to protect its ongoing criminal investigation.

There is a presumption in favor of public dissemination of documents, especially where the issues involve "matters of public concern"—such as government overreaching or police misconduct. *See Gutierrez*, 292 F.R.D. at 404-05 (finding that there is a legitimate interest in public dissemination of "records indicating official misconduct, abuse of power, or constitutional violations"). But when a document contains investigative materials related to an ongoing criminal investigation, the balance shifts in favor of non-disclosure. *See Degen v. United States*, 517 U.S. 820, 827 (1996) (a "court can exercise discretion to manage the civil litigation to avoid interference with a criminal case").

The DEA also notes that the qualified law enforcement privilege suggests the document should remain confidential. Courts have recognized this qualified privilege to protect investigative files in an ongoing criminal investigation from discovery. *See In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 569-70 (5th Cir. 2006) (citing *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)). Here, the DEA is not requesting that the Court prevent production of the complaint—Zadeh already has it—but is merely asking that the complaint remain non-public. In *Flagg ex rel. Bond v. City of Detroit*, 268 F.R.D. 279, 295 (E.D. Mich. 2010), the court noted that

> If a federal court may, in the proper circumstances, altogether prohibit the disclosure of materials bearing upon an ongoing criminal investigation, it stands to reason that the court may take the lesser step of imposing restrictions upon the parties' (and the public's) access to such materials and information obtained during the discovery process.

*See also Shelley v. Cty. of San Joaquin*, No. 2:13-CV-0266, 2015 WL 2082370, *7 (E.D. Cal. May 4, 2015) (designating documents confidential because they involve an ongoing criminal investigation); *United States v. Smith*, 985 F. Supp. 2d 506, 531-32 (S.D.N.Y. 2013) (same).

The Court recognizes the legitimate public interest in access to documents that may show constitutional violations. On the other hand, this must be balanced with the interest in protecting an ongoing criminal investigation. Here, the DEA has advised the Court that public dissemination of the complaint and attached DEA investigative report would cause significant harm to its ongoing investigation. Zadeh's legitimate interests in the use of the document can be protected without making it public. First, Zadeh has access to the complaint for use in his claims. Second, this lawsuit, in and of itself, is making public what Zadeh believes is the TMB's misconduct and overreaching. He does not need to make the complaint itself public to achieve that goal. The interest in protecting an ongoing criminal investigation outweighs the competing interests in this case. Finally, courts also consider whether the party seeking to protect a document from disclosure relied on a protective order when it produced the document. *See Pansy*, 23 F.3d at 789. Here, there is no doubt that the TMB would not have produced the document—and the Court may not have compelled its production—absent the protective order in this case. This factor thus also suggests the classification of the complaint as "Confidential" should remain.

Based upon the foregoing, the Defendants' Motion to Enforce the Protective Order (Dkt. No. 76) is **GRANTED** and the "Confidential" designation of the complaint shall remain in place.

SIGNED this 9th day of February, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE